# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MALINDA BENOIT, Executor for the Estate of Dustin Herbst,<br><br>Plaintiff,<br><br>vs.<br><br>SIOUX COUNTY, IOWA; and JUDY PLENDEL, BRENT DEBOER, COLLEEN MCMAHON, RYAN SANDBULTE, and JASON BERGSMA, individually and as correctional officers/jailers of Sioux County, Iowa;<br><br>Defendants. | No. 19-CV-4026-LTS-KEM<br><br>**ORDER** |

_____

This matter is before the court on Defendants' Motion to Strike Section of Plaintiff's Petition. Doc. 2. Defendants move to strike paragraphs 18 through 34 of Plaintiff's petition (Doc. 3) as unnecessary surplusage that unfairly prejudices Defendants. Plaintiff resists the motion (Doc. 5), arguing these paragraphs are relevant to Plaintiff's claims and "provide important historical, contextual, and background for Plaintiff's claims." Doc. 5 at 3.

The petition contains claims of wrongful death-negligence (Count I) and unreasonable detention and/or denial of medical care (Count II), arising from the suicide of Dustin Herbst while in custody at the Sioux County Jail in Orange City, Iowa. Doc. 3 at 14-19. The petition contains a preliminary statement and allegations addressing jurisdiction, the parties involved, and venue (paragraphs 1-17). *Id.* at 1-4. The petition also contains factual allegations about Sioux County Jail policies and rules (paragraphs

35-42), Herbst's background and conduct (paragraphs 43-55, 62-65), and conduct of Defendants (paragraphs 56-61, 66-80). *Id.* at 5-14. The paragraphs at issue fall under headings "Overview of the Problem of Suicide in U.S. Jails" (paragraphs 18-26) and "The Role of Corrections Professionals in Preventing Jail Suicide" (paragraphs 27-34). *Id.* at 4-5. They provide general statistics and propositions about these topics and no specific allegations connected to the parties in this case.

A court may strike "from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." **Fed. R. Civ. P. 12(f)**. Motions to strike under Rule 12(f) are disfavored and infrequently granted, although the court "enjoys 'liberal discretion'" on whether to grant such a motion. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting *Thor Corp. v. Automatic Washer Co.*, 91 F. Supp. 829, 832 (D.C. Iowa 1950)); *see also see also Nelson v. Long Lines Ltd.*, No. C02-4083-MWB, 2003 WL 21356081, at *4 (N.D. Iowa 2003) (discussing standard for the "drastic measure" of striking pleadings under Rule 12(f)) . The lower court in *Stanbury*, "[i]n a single short paragraph," on its own motion, and without specifying the offending portions, struck the plaintiff's pleadings in their entirety because they were not relevant to the claim at issue and "could only have been included to impugn" a related non-party to the action. *Stanbury*, 221 F.3d at 1061. The Eighth Circuit Court of Appeals found that although portions of the pleadings "may not be strictly relevant to [the plaintiff's claim] per se," the information "provides important context and background" to the lawsuit. *Id.* at 1063; *see also Cross v. Bad Boy, Inc.*, No. 4:08CV3007 JLH, 2008 WL 5274101, at *2-3 (E.D. Ark. 2008) (denying motion to strike allegations of sexual harassment occurring prior to the relevant period in the complaint, noting the ongoing nature often involved in sexual harassment cases); *Nelson*, 2003 WL 21356081, at *4 (finding paragraphs that "provide the history and background of [plaintiff's] alleged

2

employment relationship with [defendant]" in an employment case were not redundant, immaterial, or impertinent under Rule 12(f)).

The specific paragraphs at issue here, by comparison, do not contain specific factual information related to Benoit's claims, but rather an overview of the general subject matter in those claims. *See* Doc. 5-1 at 4-5 (Benoit describes the paragraphs as providing information about "the prevalence of jail suicides in smaller jails, risk factors linked to jail suicide, warning signs of an inmate[']s suicide risk, location of most jail suicides (the cell), the most common method of suicide in jails (hanging), and the role of corrections administration and officers—like the Defendants—in preventing jail suicides.") The paragraphs do not relate to specific prior instances involving Sioux County, nor is there any indication from the complaint that Sioux County was aware of the information or that it affected its policies and the events in this case. Accordingly, it appears the paragraphs "do not appear to have any real bearing on the case." ***Jameson v. State Farm Mut. Auto. Ins. Co.***, 871 F. Supp. 2d 862, 874 (W.D. Mo. 2012) (granting motion to strike portions of a complaint that involved allegations of defendant's prior conduct in handling insurance claims that had "no apparent connection" with the current allegations in the complaint).

The rest of Benoit's petition contains detailed factual allegations that make the paragraphs unnecessary in order to understand Benoit's claims and theory of the case. In addition to being unnecessary, the paragraphs may also complicate the case by inserting additional matters beyond the facts and claims at issue. Although Plaintiff may seek to introduce evidence at trial consistent with the paragraphs at issue, such evidence would not be required to establish Plaintiff's claims in this case. Finally, granting the motion to strike will not require significant amendment of the petition—the paragraphs at issue may be easily excised—and will not unduly delay the case. *See **Vanwyngarden v. America West Airlines, Inc.***, No. 4:05-cv-00024-REL-RAW, 2005 WL 8157981, at *1

3

Case 5:19-cv-04026-LTS-KEM   Document 11   Filed 09/27/19   Page 3 of 4

(S.D. Iowa 2005) (denying motion to strike, in part, because allowing the petition to be recast "would impart delay without any real, practical benefit.").

IT IS ORDERD the motion to strike (Doc. 2) is **granted**. Plaintiff shall file an amended petition consistent with this ruling.

**IT IS SO ORDERED** this 27th day of September, 2019.

Kelly K.E. Mahoney, Chief Magistrate Judge
United States District Court
Northern District of Iowa